IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DONNA MARIE MULHOLLAND** | * | |
| | * | |
| v. | * | Civil Case No. WDQ-13-1300 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. Mulholland's reply. ECF Nos. 14, 16, 19. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Mulholland applied for Disability Insurance Benefits on October 27, 2009, alleging a disability onset date of March 25, 2009. (Tr. 254-57). Her claim was denied initially on June 11, 2010, and on reconsideration on January 24, 2011. (Tr. 159-62, 165-66). An Administrative Law Judge ("ALJ") held hearings on May 10, 2012 and October 18, 2012, (Tr. 53-149), and subsequently denied benefits to Ms. Mulholland in a written opinion dated November 15, 2012. (Tr. 28-52). The Appeals Council declined review, (Tr. 1-7), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Mulholland suffered from the severe impairments of degenerative disc disease of the lumbar spine, depression, and anxiety. (Tr. 33). Despite these impairments, the ALJ determined that Ms. Mulholland retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except that postural activities are all occasional, but she should avoid climbing ladders/ropes/scaffolds; she is limited to simple, unskilled work, not at a production pace, which is pay by the piece or on an assembly line; she is limited to occasional contact with coworkers and the general public; she is limited to work that is essentially isolated with only occasional supervision, and she is limited to low stress work defined as only occasional need to make decisions or use judgment.

(Tr. 37). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Mulholland could perform jobs existing in significant numbers in the national economy. (Tr. 44-45). Accordingly, the ALJ determined that Ms. Mulholland was not disabled. *Id.*

Ms. Mulholland disagrees. She raises two arguments in support of her appeal. First, she argues that the RFC assessment was not supported by substantial evidence, in part, because it relied too heavily on opinion evidence from a non-treating, non-examining source. Second, she argues that the ALJ should have deemed her left hip pain a severe impairment at step two. While I am not persuaded by Ms. Mulholland's step two argument, I am persuaded, on the unique facts presented in this case, that remand is appropriate for the ALJ to fulfill her duty of explanation regarding the opinion evidence. In recommending remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Mulholland is not entitled to benefits is correct or incorrect.

I begin my discussion with Ms. Mulholland's unsuccessful argument.[1] She disagrees with the ALJ's conclusion that her left hip impairment is non-severe. Pl.'s Mot. 16. She further

---

[1] I do not address Ms. Mulholland's arguments made to the Appeals Council, as they were not briefed in the present motion, and contain no legal support. *See* (Tr. 354–64).

argues that the ALJ should have considered the combined effect of her non-severe impairments and her medication side effects on her ability to work. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue,* Civil Action No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995)). The ALJ relied on substantial evidence in concluding that Ms. Mulholland's hip pain imposed no significant restrictions on her ability to perform basic work activities. The medical evidence of record demonstrates that Ms. Mulholland complained of left hip pain, and that she received treatment for sacroiliac ("SI") joint pain. *See* (Tr. 467–68, 470, 478, 480, 656, 658, 660, 663, 667, 678, 680–81, 684, 688). However, treatment notes suggest that her symptoms could have been psychosomatic. *See* (Tr. 654, 658, 660, 678, 725). The ALJ noted that, in one physical examination, Ms. Mulholland had full strength and range of motion of the lower extremities. *See* (Tr. 34, 691–92) (describing the orthopedic examination as "stable"). An X-ray of Ms. Mulholland's pelvis and left hip in November, 2011 showed only mild osteoarthritis. (Tr. 930). Even if the ALJ erred at step two by finding that Ms. Mulholland's hip pain was not a severe impairment, such error would be harmless. Despite Ms. Mulholland's contention, because she made a threshold showing of severe physical and mental impairments, the ALJ continued the sequential evaluation process and considered all of her impairments, both severe and non-severe, that significantly impacted her ability to work. *See* 20 C.F.R. § 404.1523.

Turning to Ms. Mulholland's successful argument, the ALJ's opinion is deficient in its analysis of the opinion evidence from the medical professionals. Several medical professionals, including treating sources, consultative examiners, and one state agency physician, opined that Ms. Mulholland was capable only of sedentary work, at best. *See* (Tr. 454) (Letter from treating physician, Dr. Segal, stating that Ms. Mulholland "has difficulty walking further than 20 feet or

sitting for long periods without severe pain."); (Tr. 692) (Report from consultative examiner, Dr. Zamani, concluding that Ms. Mulholland "is capable to do sedentary type activity" without "lifting, pulling, pushing or jumping or carrying."); (Tr. 695) (Report from state agency physician, Dr. Rudin, describing a residual functional capacity for sedentary work); (Tr. 761) (Report from consultative examiner, Dr. Barrish, describing a residual functional capacity for sedentary work).

In assigning "little weight" to each of those opinions, the ALJ repeatedly cited the fact that Ms. Mulholland's MRI imaging showed only "mild findings." (Tr. 41-42). However, as the Commissioner now concedes, Def. Mot. 16, the MRIs demonstrated some more significant findings, including "a mild-moderate broad-based disc bulge" (Tr. 616), "mild-moderate bilateral L5 foraminal narrowing" (Tr. 616), and "a mild to moderate bilateral L4 foraminal narrowing." (Tr. 980). The ALJ neither acknowledged the fact that some MRI findings exceeded the mild level, nor explained why mild MRI findings necessarily equate to a capacity for light work, as opposed to sedentary work.

The ALJ assigned "great weight" to one state agency physician's opinion "because it is consistent with the MRI imaging." (Tr. 41). While that physician appears to have found that Ms. Mulholland retained the capacity to perform light work, the physician's opinion is unsigned and undated, leaving some question as to whether it is a draft or a final opinion. (Tr. 764-771). The unsigned and undated nature of the opinion would not necessarily, alone, disqualify the opinion from consideration by the ALJ, particularly because the likely identity of the state agency physician submitting the form can be ascertained from other records. (Tr. 158). However, in this case, where the unsigned, undated opinion is the only opinion to support a "light" exertional capacity, the questions surrounding whether it is in fact a full and complete opinion become more important.

Moreover, the significance of the distinction between a sedentary and a light exertional capacity is exacerbated in this case, due to Ms. Mulholland's age at the time of her date last insured and the operation of the Medical-Vocational Guidelines.  Ms. Mulholland had to establish disability between her alleged onset date of March 25, 2009 and her date last insured of March 31, 2011.  (Tr. 31, 33).  However, Ms. Mulholland turned fifty years old on August 25, 2011, thereby entering the "closely approaching advanced age" category.  (Tr. 44).  Less than six months elapsed between her date last insured and her fiftieth birthday.  If Ms. Mulholland were to be considered to be in the "closely approaching advanced age" category, and were to be found only capable of sedentary work, she would be entitled to a finding of "disabled" pursuant to Medical Vocational Guideline 201.14.  Accordingly, it is possible that Ms. Mulholland presents "a borderline age situation," which would require the ALJ to apply a sliding scale approach considering Ms. Mulholland's age and her vocational adversities.  HALLEX, II-5-3-2.

While the higher age category should not automatically be applied in Ms. Mulholland's case, the existence of her severe mental health impairment provides one "vocational adversity" that could affect an appropriate analysis.  *See id.*  In light of what appears to be a borderline age situation, the multiple medical opinions suggesting only a sedentary exertional capacity, and the uncertainty surrounding the only medical opinion expressly supporting a light exertional capacity, remand for additional discussion and analysis is warranted.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court DENY Defendant's Motion for Summary Judgment (ECF No. 16);

2.  the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 14); and

3.  the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  June 13, 2014                                             /s/
                                                                  Stephanie A. Gallagher
                                                                  United States Magistrate Judge